UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN COREY EDWARDS et al PLAINTIFFS

VERSUS CIVIL ACTION NO. 1:25-CV-63-LG-RPM

TRANSPORT LEASING/CONTRACT,
INC. et al DEFENDANTS

**ORDER GRANTING MOTION TO QUASH**

Before the Court is Defendant Michael Bales' motion to quash subpoenas or in the alternative for protective order. [178]. This cause of action arises from a motor vehicle accident, which occurred on March 7, 2022, when a tractor trailer driven by Bales collided with Plaintiffs' rear bumper. According to Plaintiffs, their van was braking constantly for four seconds before impact. Plaintiffs allege Bales was driving over 70 miles per hour and did not apply his brakes prior to colliding with the van.

Plaintiffs have filed a Notice of Intent to Serve Rule 45 subpoenas. The first subpoena at issue is addressed to Wal-Mart Associates, Inc. seeking Bales' prescription records from January 1, 2021, through March 31, 2022. [168-1]. The second subpoena at issue is addressed to Southern Vitreoretinal Associates, P.L. seeking Bales' medical records from January 1, 2021, through December 31, 2022. [168-2]. In his motion, Defendant argues the prescription and medical records are subject to Bales' physician-patient privilege and therefore protected from disclosure. Defendant also asserts that the subpoenas are overly broad because they are not reasonably limited in scope or time. Plaintiffs counter that Bales has waived his medical privilege.

Rule 26(b) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense." Plaintiffs filed this lawsuit in federal court based on diversity jurisdiction. Under Rule 501 of the Federal Rules of Evidence, state law determines the applicability of a privilege in civil diversity actions where state law supplies the rule of the decision. *Dunn v. State Farm*, 927 F.2d 869, 875 (5th Cir. 1991). Rule 503 of the Mississippi Rules of Evidence recognizes a physician-patient privilege that protects against the disclosure of a patient's medical information. The privilege is subject to certain exceptions and may be waived. *See Scott v. Flynt*, 704 So.2d 998, 1000-03 (Miss. 1996). The medical privilege is waived only to the extent that the party puts his medical condition at issue. *See Powell v. McLain*, 105 So. 3d 308, 315 (Miss. 2012). Merely being named as a defendant in a lawsuit does not place one's medical condition at issue. *See Powell v. McLain*, 105 So. 3d 308, 315 (Miss. 2012); *Riley v. Woerner Agribusiness, LLC*, No. 1:21-CV-185-HSO-RPM, 2023 WL 2656756, at *1 (S.D. Miss. Mar. 27, 2023). Likewise, Plaintiffs' theory that Bales may have been medically unfit to operate a tractor trailer at the time of the accident does not by itself waive Bales' medical privilege. *See Morton v. City of Shelby*, 984 So. 2d 323, 339-41 (Miss. Ct. App. 2007); *Riley v. Roberts Bros. Coach Leasing Co, Inc.*, 6:09-cv-2147-Orl-35DAB, 2010 WL 11626739, at *4 (M.D. Fla. Oct. 8, 2010).

With respect to the prescription records, Plaintiffs argue Bales waived the privilege during a 2021 Department of Transportation (DOT) medical exam because he voluntarily disclosed information concerning his blood-sugar management and diabetic medication based on directions given by his physician. The DOT examination is conducted for federal regulatory purposes and not for purposes of diagnosis and treatment; therefore, those examination records are not protected by the physician-patient privilege. *Matysik v. Judd Transportation, L.L.C.*, No.

1:14-cv-1889-TWP-DKL, 2016 WL 559217, at *1 (S.D. Ind. Feb. 12, 2016). In turn, medical records obtained or relied upon by the DOT medical examiner in connection with a DOT medical exam may be discoverable. *See Jackson v. Wiersema Charter Service, Inc.*, No. 4:08CV0027 JCH, 2009 WL 1798389, at *1 (E.D. Mo. June 24, 2009) (medical records obtained by medical examiner as part of commercial driver's license medical examination are not within the scope of the physician-patient privilege); *Roberts Brother Coach Leasing*, 2010 WL 11626739, at *5 (records related to commercial driver's license medical examination are discoverable). However, there is no indication in the instant cause of action that the DOT medical examiner obtained or reviewed Bales' prescription records as part of the examination.

According to the examination records, Bales blood sugar was elevated when he presented for the DOT medical exam on January 26, 2021. [192-1]. Bales informed the medical examiner he had a history of taking Metformin, but it caused his blood sugar to drop too low. *Id.* at 2. He further informed the medical examiner that his primary care physician advised him to manage his blood sugar level with diet. *Ibid.* Bales returned to the medical examiner for additional testing a few days later, which showed a drop in his blood sugar. *Id.* at 4. The medical examiner then signed off on his medical certificate on February 1, 2021. *Ibid.* There is no indication Bales disclosed to the DOT medical examiner that he currently was taking medication for diabetes. To the contrary, he indicated he had been taking Metformin, but his physician told him to manage his blood sugar with diet instead. Bales' statements to the medical examiner do not waive the medical privilege such that Plaintiffs are entitled to his prescription records.

Bales' disclosure regarding his primary care physician's instructions for managing blood sugar levels arguably waived the medical privilege as to the primary care physician's records. The subpoena at issue does not seek records from Bales' primary care physician. Regardless,

Bales represents that Plaintiffs already have in their possession the medical records from Bales' primary care physician. In their response to the motion to quash, Plaintiffs do not reference the primary care physician's records as a basis for compelling disclosure of Bales' prescription records.

During his deposition, Bales provided some additional context regarding the DOT medical exam and his blood sugar levels. He testified that after the medical exam, he returned to Care Connect (his primary care provider) and that he went back to his twice-a-day prescription regimen. [185-5] at 5-6. He further testified that at the time of the collision, he was compliant with his diabetes medication and that his diabetes was controlled. *Id.* at 6. This compelled deposition testimony did not constitute waiver of the privilege. *See Sessums by Sessums v. McFall*, 551 So.2d 178, 181 (Miss. 1989) ("testimony ... on cross-examination as to communications made to his physician is not voluntary so as to constitute a waiver of his privilege."); KENNETH S. BROUN ET AL., MCCORMICK ON EVIDENCE § 103 (8th ed.) ("If the patient reveals privileged matter on cross-examination, without claiming the privilege, this is usually held not to be a waiver of the privilege enabling the adversary to make further inquiry of the doctors, on the ground that such revelations were not 'voluntary.'"). *See also Muller v. Rogers*, 534 N.W.2d 724, 726 (Minn. Ct. App. 1995) ("Testimony elicited on cross-examination is not voluntary, and statements made by a patient on cross-examination do not constitute a waiver of medical privilege."); *Thompson v. Crisp Container Co.*, No. 3:19-CV-1117-MAB, 2020 WL 5292043, at *2-3 (S.D. Ill. Sept. 4, 2020). However, whether Bales may use prescription medication compliance as an affirmative defense at trial, while still maintaining the medical privilege, is an evidentiary matter for the district judge to resolve. *See Madera v. KTC Express, Inc.*, No. 3:19-CV-01516, 2021 WL 1206437, at *2-3 (N.D. Ohio Mar. 31, 2021)

(finding defendant waived physician-patient privilege with respect to diabetes treatment because he argued that his physician prescribed pills to treat diabetes, thereby making defendant qualified to drive a commercial vehicle).[1]

Plaintiffs also contend that Bales put his visual acuity at issue when he testified he could not have prevented the collision because the Plaintiffs' vehicle did not display brake lights or flashers to grab Bales' attention prior to the collision. Plaintiffs argue Bales' vision records should be discoverable based on Bales' contention that he could not see brake lights or flashers. Plaintiffs allege they were braking for approximately four seconds prior to impact. There is no indication that Bales credited his visual acuity or claimed he would have seen brake lights based on healthy, normal vision. Whether Plaintiffs' van was braking prior to the collision appears to be a credibility issue rather than a medical question. The Court finds that Bales' statements did not place his visual acuity at issue. Accordingly, Bales motion to quash should be granted with respect to the medical records subpoena addressed to Southern Vitreoretinal Associates.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant Michael Bales' [178] Motion to Quash is GRANTED, and the Motion for Protective Order is found to be MOOT.

SO ORDERED AND ADJUDGED, this the 16th day of October 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE

[1] Defendants have stipulated that Bales actions or inactions were the sole proximate cause of the motor vehicle accident. [207] [208] [209] [210].